# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00322-CR
NO. 03-12-00323-CR

**Patricia Ann Goviena, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NOS. 8538 & 8667, HONORABLE JAMES E. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). In trial court cause number 8538, appellant Patricia Ann Goviena was charged with the offense of making a false statement to obtain credit. *See* Tex. Penal Code Ann. § 32.32 (West 2011). In trial court cause number 8667, Goviena was charged with the offense of bail jumping-failure to appear. *See id.* § 38.10 (West 2011). Goviena pled guilty to both offenses. The district court found the evidence sufficient to support a finding of guilt in each case and assessed punishment at eighteen months in the Texas Department of Criminal Justice (TDCJ) State Jail Division and ordered restitution in the amount of $3,500 for the first offense, and five years in TDCJ Institutional Division for the second offense. This appeal followed.

On or about November 18, 2009, Goviena filled out a customer interview form at a car dealership with incorrect birth date information. Approximately one week later, she purchased

a 2005 Chevrolet Trail Blazer from the dealership, signing a motor vehicle purchase agreement in the amount of $16,765.95, and a retail installment contract agreeing to pay the dealership a down payment in the amount of $3,500. She wrote two checks, each in the amount of $1,750, to satisfy the down payment and left with the car. Both checks were returned, the first marked "not sufficient funds," and the second marked "frozen blocked account." A criminal history check based on the Illinois driver's license she provided to the dealership revealed a "Patricia A. Govia," and listed numerous alias names, birth dates, and social security numbers. Further investigation revealed Goviena opened the accounts from which the returned checks came using a social security number one digit off from her true number and a different Illinois driver's license number than her true number. Additionally, Goviena allegedly had a warrant outstanding for her arrest in connection with a similar fraudulent automobile purchase made in New Braunfels earlier in 2009.

After Goviena was arrested for the current offense, she was released on bond. She was arrested several months later for failure to appear, but then released on bond again. And again, Goviena failed to appear in court, apparently because she had left the state, contrary to her bond requirements, and traveled to Illinois. In February 2011, Goviena was arrested in Lampasas county and returned to jail. In March 2012, Goviena underwent a forensic evaluation and was deemed competent to stand for trial. During the sentencing portion of the hearing, Goviena did not testify and offered no witnesses in her support.

Goviena's court-appointed attorney has filed a motion to withdraw supported by briefs concluding that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why

there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972). Goviena was mailed copies of counsel's briefs and advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's briefs and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgments of conviction are affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed: August 24, 2012

Do Not Publish